UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MISCELLANEOUS CASE NO. 18-91353-RGS

IN RE PRECIOUS OKEREKE

ORDER

August 28, 2018

STEARNS, D.J.

For the reasons stated below, the court orders that this matter be DISMISSED.

On August 20, 2018, *pro* se litigant Precious Okereke submitted a complaint and a motion for leave to proceed *in forma pauperis*. The papers are before the undersigned as the miscellaneous business docket judge pursuant to a September 19, 2012 Memorandum and Order providing that:

> Plaintiff Precious Okereke is precluded from filing any additional papers, claims, cases, files, complaints, or anything resembling those pleadings, or any other documents in the United States District Court for the District of Massachusetts, in any manner, way or form, without first obtaining the written approval of the Miscellaneous Business Docket Judge of the United States District Court for the District of Massachusetts.

*Okereke v. Boston Police Hackney Div.*, C.A. No. 11-11626-RWZ (D. Mass. Sept. 19, 2012) (docket entry #8). That Memorandum and Order states further that:

> If plaintiff Precious Okereke undertakes to file additional papers in this Court, she shall file a written petition seeking leave of court to do so. The petition must contain a copy of this Memorandum and Order, together with the papers sought to be filed, and a certification under oath that there is a good faith basis for her filing.

*Id.*

Here, Okereke did not file a written petition seeking leave of court to file a new complaint. Further, she did not file a copy of the September 19, 2012 Memorandum and Order or a certification under oath that there is a good faith basis for her filing.[1]

Accordingly, Okereke's implicit request to file the complaint on the civil docket of this court is DENIED for failing to comply with the Memorandum and Order, and this case is DISMISSED.

**SO ORDERED.**

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE

---

[1] In addition, Okereke does not indicate that she exhausted her remedies with the Social Security Administration. Federal courts have jurisdiction over Social Security claims under 42 U.S.C. § 405(g), which permits judicial review of a final decision of the Commissioner of Social Security. Where a claimant fails to exhaust her administrative remedies, the court is without jurisdiction. *See, e.g., Sipp v. Astrue*, 641 F.3d 975, 979-980 (8th Cir. 2011) (holding that, where plaintiff had not exhausted her administrative remedies with respect to Commissioner's determination of overpayment, court was without jurisdiction to address the propriety of the matter).